**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINIOS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENDURA PRODUCTS, INC., a North Carolina corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:17-cv-06464 |
| v. | ) ) | |
| MENARD, INC. d/b/a MENARDS and also d/b/a MIDWEST MANUFACTURING (a division of Menards), a Wisconsin corporation, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint for Patent infringement, Plaintiff Endura Products, Inc. ("Endura" or "Plaintiff") alleges against the Defendant as follows:

### THE PARTIES

1.      Plaintiff Endura is a North Carolina corporation, and has a regular and established place of business at 8817 Market Street, Colfax, NC 27235.

2.      Defendant Menard, Inc. doing business as Menards ("Menards" or "Defendant") is a corporation organized under the laws of the state of Wisconsin, with its principal place of business at 5101 Menard Drive, Eau Claire, WI 54703-9604.  Menards has appointed The Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717-2915 as its agent for service of process.

3.      Menards includes a manufacturing division operating under the name Midwest Manufacturing, which is not a separate corporate entity from Menards and which operates at 220 Eldamain Road, Plano, IL 60545.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and seeking monetary damages, disgorgement of profits, permanent injunctive relief, as well as costs and attorneys' fees pursuant to 35 U.S.C. §§ 281-285.

5.      This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

6.      Venue is proper in this District and this Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Menards has committed acts of infringement and has a regular and established place of business within the District.

7.      Menards regularly operates an established branch of the Midwest Manufacturing division within this District at 220 Eldamain Road, Plano, IL 60545.

8.      Menards manufactures door entryway systems at the Plano, IL location that infringe the patents at issue, thereby committing acts of infringement within the District.  The unit specifically described below was shipped from that location.  A true and correct copy of the shipping label is attached hereto as Exhibit A.

9.      Further, Menards has additional regular and established places of business within the District in the form of retail locations within the District, including approximately thirty-three retail locations within fifty miles of this Division within this District.

10.      This Court has personal jurisdiction over Menards because Menards actively and regularly conducts business within the state of Illinois including its many retail locations, and at least its manufacturing operation in Plano.

2

11.     Further, this Court has personal jurisdiction over Menards because Menards has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 in this District.  Such acts by Menards cause injury to Endura within this District.

## FACTS

12.     Endura is a leading manufacturer of building products, including door entryway system components such as thresholds, door sweeps, jambs, headers, astragals, mullions, locks, and associated parts.  Endura has a long history of technological innovation in the building products industry, and Endura has made many contributions to advance the state of the art of door entryway systems and components.

13.     In connection with its research and development efforts to improve door entryway systems and associated components, Endura has developed an innovative family of thresholds, marketed as the Z-Articulating Cap Sill$^{TM}$.  To protect its innovation regarding articulating threshold caps, Endura timely and dutifully obtained the valid and subsisting United States patents referenced below.

14.     Menards, among other things, is engaged in the business of manufacturing and retailing door entryway systems, also commonly referred to as pre-hung door units.

15.     Menards manufactures the door entryway systems through the Midwest Manufacturing division for sale at Menards retail locations.  Upon information and belief, customers purchase the door entryway systems for ultimate installation into building entryways.

16.     A photograph of a pre-hung door unit purchased from Menards with the SKU 4000446 is attached as Exhibit B (hereafter the "Menards Unit").  A sales brochure highlighting features of "Self-Adjustable Sills" incorporated into the Menards Unit is attached as Exhibit C. The portion of the sales brochure copied below shows a door sweep interacting with a threshold

assembly and an arrow indicative of the intended movement of a portion of the threshold assembly.





17.     Upon information and belief, Menards has and is currently making, using, selling, importing, distributing and/or offering for sale the Menards Unit, which infringes at least one claim of two valid patents held by Endura, as set forth specifically below.

## COUNT I
*(Direct Infringement of U.S. Patent No. 9,371,682)*

18.     Endura realleges and incorporates by reference the allegations stated in paragraphs 1-17, of this Complaint as if fully set forth herein.

19.     On June 21, 2016, United States Utility Patent No. 9,371,682 (the "'682 Patent"), entitled "DOOR ENTRYWAY SYSTEM," was duly and legally issued to Endura.  A true and accurate copy of the '682 Patent is attached hereto and incorporated herein by reference as Exhibit D.

20.     Endura is the owner, by assignment, of all right, title, and interest in the '682 Patent, and has the right to bring suit for patent infringement thereon.

21. By way of example and not by limitation, the '682 Patent includes claims directed to, *inter alia*, "a door entryway system" (Claim 1) and "a door entryway system, comprising: a threshold assembly" (Claim 12), and other claims depending therefrom.

22. Menards' manufacture, offers to sell, and/or sales of the Menards Unit constitutes an infringement, either literally or through the doctrine of equivalents, of at least one claim of the '682 Patent within the United States. For example, the Menards Unit constitutes a door entryway system including each and every element of at least Claim 1 of the '682 Patent, either literally or through the doctrine of equivalents, including:

    a. a door sweep capable of attachment to a bottom of a door panel; and

    b. a threshold assembly comprising:

        i. a threshold substrate;

        ii. an upwardly open sill channel on the substrate;

        iii. a substantially rigid threshold cap biased upwardly and vertically adjustable by rotating during interaction with the door sweep such that the threshold cap and door sweep directly contact to form a sealing barrier when the door panel is in a closed position, the threshold cap is at least partially disposed in, or above, the sill channel; and

        iv. a cap base formed separate from the threshold cap, the cap base at least partially positioned within the sill channel, the cap base configured to support the threshold cap.

23. Menards' manufacture, offers to sell, and/or sales of the Menards Unit constitutes an infringement, either literally or through the doctrine of equivalents, of at least one claim of the

5

'682 Patent within the United States. For example, the Menards Unit constitutes a door entryway system that includes each and every element of at least Claim 12 of the '682 Patent, either literally or through the doctrine of equivalents, including a threshold assembly configured to sealingly interact with one of a door panel or a door sweep, the threshold assembly comprising:

a.    a nosing defining one side of an upwardly open sill channel;

b.    a substrate at least partially defining a floor of the sill channel;

c.    a dam defining an opposite side of the sill channel; and

d.    a substantially rigid threshold cap engaged with at least one support base,

   i.    the support base positioned substantially between the floor of the upwardly open sill channel and the threshold cap, the threshold cap being configured to be biased upwardly, and vertically adjustable while directly contacting with either the door panel or door sweep to form a sealing barrier when the door panel is in a closed position;

   ii.    wherein the threshold cap includes an upper surface having an interior portion and an exterior portion, one of the interior portion or the exterior portion moving vertically by a greater magnitude than another of the interior portion or the exterior portion while the upper surface interacts with either the door panel or the door sweep.

24.     Menards has therefore directly infringed and continues to infringe the '682 Patent, either literally or through the doctrine of equivalents, by making, using, offering for sale and/or selling the Menards Unit within the United States, in violation of 35 U.S.C. § 271(a).

25.     Endura has and continues to suffer damages by reason of Menards' infringement of the '682 Patent for which Endura is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

26.     Menards' past and continuing infringement of the '682 Patent has irreparably harmed Endura, leaving it without adequate remedy at law.  Endura will suffer additional and irreparable harm unless Menards is enjoined by this Court pursuant to 35 U.S.C. § 284.

27.     Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Plaintiff to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
*(Direct Infringement of U.S. Patent No. 8,991,100)*

28.     Endura realleges and incorporates by reference the allegations stated in paragraphs 1-27, of this Complaint as if fully set forth herein.

29.     On March 31, 2015, United States Utility Patent No. 8,991,100 (the "'100 Patent"), entitled "DOOR ENTRYWAY SYSTEM," was duly and legally issued to Endura Products, Inc. by way of assignment. A true and accurate copy of the '100 Patent is attached hereto and incorporated herein by reference as Exhibit E.

30.     Endura is the owner, by assignment, of all right, title, and interest in the '100 Patent, and has the right to bring suit for patent infringement thereon.

31.   By way of example and not by limitation, the '100 Patent includes claims directed to, *inter alia*, "a door entryway system" (Claim 1) as well as other independent and dependent claims.

32.   Menards' manufacture, offers to sell, and/or sale of the Menards Unit constitutes an infringement, either literally or through the doctrine of equivalents, of at least one claim of the '100 Patent within the United States. For example, the Menards Unit constitutes a door entryway system that includes each and every element of at least Claim 1 of the '100 Patent, either literally or through the doctrine of equivalents, including:

   a.   a door sweep capable of attachment to a bottom of a door panel; and

   b.   a threshold assembly having a self-articulating threshold cap, the threshold cap comprising a substantially rigid upper cap, the upper cap configured to be biased upwardly and directly contact the door sweep to form a sealing barrier when the door panel is in a closed position;

   c.   the threshold assembly having an upwardly open sill channel at least partially defined by a threshold substrate;

   d.   the threshold cap further comprises a cap base separate from the upper cap, the cap base supporting the upper cap, and the cap base being at least partially seated within the sill channel,

   e.   wherein the upper cap includes a hinged uppermost portion that adjusts vertically while interacting with the door sweep.

33.   Menards has therefore directly infringed and continues to infringe the '100 Patent, either literally or through the doctrine of equivalents, by making, using, offering for sale and/or selling the Menards Unit within the United States, in violation of 35 U.S.C. § 271(a).

8

34.     Endura has and continues to suffer damages by reason of Menards' infringement of the '100 Patent for which Endura is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

35.     Menards' past and continuing infringement of the '100 Patent has irreparably harmed Endura, leaving it without adequate remedy at law.  Endura will suffer additional and irreparable harm unless Menards is enjoined by this Court pursuant to 35 U.S.C. § 284.

36.     Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Plaintiff to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Endura respectfully requests that the Court:

(a)     declare that Menards has directly infringed one or more of the claims of the '682 Patent under 35 U.S.C. § 271(a);

(b)     declare that Menards has directly infringed one or more of the claims of the '100 Patent under 35 U.S.C. § 271(a);

(c)     enjoin Menards from directly infringing, inducing others to infringe, or contributing to the infringement of the '682 Patent or the '100 Patent, including by specifically prohibiting Menards and its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith, from making, using, offering to sell, and selling in the United States any product which falls within the scope of any claim of the '682 Patent or the '100 Patent;

(d)     direct the United States Customs Service to block all importation of unauthorized articles which infringe any of the '682 Patent or the '100 Patent;

(e)     order an accounting for all monies received by or on behalf of Menards and all damages sustained by Endura as a result of Menards' aforementioned infringements, that such

monies and damages be awarded to Endura, and that interest and costs be assessed against Menards pursuant to 35 U.S.C. § 284;

(f)     declare this an exceptional case and order that Menards pay to Endura its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(g)     award such further and other relief to Endura as the Court deems just, together with its costs and disbursements in this action.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to FED. R. CIV. P. 38, Endura hereby demands trial by jury as to all issues so triable in this action.

Respectfully submitted, this 7th day of September, 2017.

BANNER & WHITCOFF, LTD.

/s/ Scott A. Burow
Scott A. Burow
sburow@bannerwitcoff.com
Kurt C. Riester
kriester@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

John F. Morrow, Jr. (to be admitted *pro hac vice*)
WOMBLE CARLYLE SANDRIDGE & RICE LLP
JMorrow@wcsr.com
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3584
Fax: 336-733-8429

Christine H. Dupriest (to be admitted *pro hac vice*)
WOMBLE CARLYLE SANDRIDGE & RICE LLP
CDupriest@wcsr.com
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Telephone: (202) 857-4438
Facsimile: (202) 261-0040

*Counsel for Plaintiff Endura Products, Inc.*

WCSR 40157617